AO 245B  (Rev 06/05)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:   8:11-cr-T-30EAJ
USM NUMBER:   55425-018

vs.

ROY RONALD ABNEY

Defendant's Attorney:  Stephen Leal, cja.

THE DEFENDANT:

_X_  pleaded guilty to count(s) TWO of the Indictment.
_  pleaded nolo contendere to count(s) which was accepted by the court.
_  was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 641 and 2 | Theft of Government Money | August 2009 | Two |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_  The defendant has been found not guilty on count(s)
_X_  Count(s) ONE, SIX, SEVEN, EIGHT, NINE, TEN, and ELEVEN  are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: December 6, 2012

**JAMES S. MOODY, JR.**
**UNITED STATES DISTRICT JUDGE**

DATE:   December _6_ , 2012

AO 245B (Rev. 06/05) Sheet 4 - Probation (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | ROY RONALD ABNEY | Judgment - Page _2_ of _5_ |
| Case No.: | 8:11-cr-435-T-30EAJ | |

## PROBATION

**The defendant is hereby placed on probation for a term of FIVE (5) YEARS as to Count Two of the Indictment.**

The defendant shall not commit another federal, state, or local crime.  The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

<u>X</u>    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

<u>X</u>    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.  The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 06/05) Sheet 4C  - Probation (Judgment in a Criminal Case)

| Defendant: | ROY RONALD ABNEY | Judgment - Page  3  of  5 |
|---|---|---|
| Case No.: | 8:11-cr-435-T-30EAJ | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of probation:

_X_     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

_X_     The defendant shall provide the probation officer access to any requested financial information.

_X_     The defendant shall cooperate in the collection of DNA as directed by the probation officer.

_X_     The mandatory drug testing provisions pursuant to the Violent Crime Control Act are waived..

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| Defendant: | ROY RONALD ABNEY | Judgment - Page _4_ of _5_ |
|---|---|---|
| Case No.: | 8:11-cr-435-T-30EAJ | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | Waived | $66,877.40 |

___ The determination of restitution is deferred until ___.   An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_X_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Restitution Ordered** |
|---|---|
| Social Security Administration | $66,877.40 |
| Debt Management Section | |
| Attention:  Court Refund | |
| P.O. Box 2861 | |
| Philadelphia, PA  19122 | |

|  | Totals: | $66,877.40 |
|---|---|---|

_ Restitution amount ordered pursuant to plea agreement  $ _____.

_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

_ the interest requirement is waived for the ___ fine ___ restitution.

_ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant:     ROY RONALD ABNEY | Judgment - Page _5_ of _5_ |
| Case No.:     8:11-cr-435-T-30EAJ | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.    _X_     Lump sum payment of $ _100.00_ due immediately, and

B.    __     Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.    __     Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.    __     Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.    __     Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.    _X_     Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay restitution in the amount of $66,877.40 to the Social Security Administration. The defendant is ordered to begin making payments of $100 per month, and this payment schedule shall continue unless the victim, the government, or the defendant notifies the Court of a material change in the defendant's ability to pay, and the Court modifies the schedule.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__     Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

__     The defendant shall pay the cost of prosecution.

__     The defendant shall pay the following court cost(s):

_X_     The defendant shall forfeit the defendant's interest in the following property to the United States:

       The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets previously identified in the Indictment, that are subject to forfeiture. The assets to be forfeited specifically include, but are not limited to, a sum of money equal to $158,389.50 which the defendants obtained through their illegal activity. Roy Ronald Abney is to forfeit a sum of $66,877.40 and Rebecca Holt Abney is to forfeit a sum of $91,512.10.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.  8:11-cr-435-T-30EAJ

ROY RONALD ABNEY,
   a/k/a Ron Abney

## FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the filing of the United States'
Motion for Forfeiture Money Judgment (Doc. 58) in the amount of $58,000.00,
which, in accordance with the defendant's Plea Agreement, will become a final order
of forfeiture as to defendant Roy Ronald Abney at the time it is entered.  Doc. 44 at
5.

Being fully advised in the premises, the Court hereby finds that the United
States has established that the defendant obtained $58,000.00 in proceeds as a
result of the theft of government funds belonging to the United States and the Social
Security Administration, in violation of 18 U.S.C. § 641, for which the defendant has
been convicted in Count Two of the Indictment.  Accordingly, it is hereby

ORDERED and ADJUDGED that for good cause shown, the United States'
motion (Doc. 58) is GRANTED.

It is FURTHER ORDERED that, pursuant to the provisions of 18 U.S.C. §
981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure

32.2(b)(2), defendant Roy Ronald Abney is liable for a forfeiture money judgment in the amount of $58,000.00, which represents the amount of proceeds he received as a result of the offense charged in Count Two of the Indictment.

The Court retains jurisdiction to enter any further order necessary for the forfeiture and disposition of any property belonging to the defendant, which the United States is entitled to seek as substitute assets under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), up to the amount of the $58,000.00 forfeiture money judgment, and to address any third party claim that may be asserted in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on November 20, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cr-435.Roy Abney Forfeiture Money Judgment.wpd

2